NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | Civil Action No.: 14-1542 (CCC) |
| Appellant, | |
| v. | **OPINION & ORDER** |
| 710 LONG RIDGE ROAD OPERATING CO. II, LLC, *et al*, | |
| Appellees. | |

## I.   BACKGROUND

This matter comes before the Court on the Motion of Appellant National Labor Relations Board ("NLRB" or "Appellant") for a Stay Pending Appeal of the Bankruptcy Court Order Confirming Debtors' First Amended Joint Reorganization Plan. [Docket No. 1]. The factual background of this case has been discussed at length in numerous decisions of both this Court and the Bankruptcy Court, and need not be addressed in detail here. On February 10 and February 19, 2014, Judge Steckroth of the Bankruptcy Court held two days of confirmation hearings on the Debtors' 710 Long Ridge Road Operating Co. II, LLC, *et al* ("Debtors" or "Appellees") proposed reorganization plan ("the Plan"). At the hearing, Debtors presented evidentiary testimony in support of the Plan. On March 5, 2014, Judge Steckroth issued a lengthy opinion largely confirming the Plan, but requiring amendments regarding certain aspects of the third-party releases contained within. The following day, March 6, 2014, Appellees amended their proposed plan, which was confirmed later that day by Judge Steckroth. On March 6, 2014, the same day Appellees' Plan was confirmed, the Appellant here filed a motion for a stay with the Bankruptcy

Court, pursuant to Federal Rule of Bankruptcy Procedure 8005. Judge Steckroth denied the motion on March 7, 2014. Following the denial of their initial motion for a stay, Appellant filed the instant motion in this Court on March 10, 2014, and the Court held oral argument that same day. For the reasons stated below, Appellant's motion for a stay pending appeal is **DENIED**.

## II.   DISCUSSION

A stay is an "extraordinary remedy," to be granted in only limited circumstances. In re W.R. Grace & Co., 475 B.R. 34, 205 (D. Del. 2012). To qualify for a stay of an order of the Bankruptcy Court, the party seeking a stay pending appeal must demonstrate the same factors required of a party seeking a preliminary injunction. Namely, the movant must show that: 1) they are likely to succeed on the merits of the appeal, 2) they will suffer irreparable harm if the stay is not granted, 3) a stay will not substantially harm other involved parties, and 4) a stay is in the public interest. See Family Kingdom, Inc. v. EMIF N.J. Ltd. P'ship, 225 B.R. 65, 69 (Bankr. D.N.J. 1998). A party seeking a stay bears the burden of sufficiently establishing the required factors. W.R. Grace, 475 B.R. at 205. This is a "heavy burden," not easily met. See In re Gen. Motors Corp., 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009). Because the NLRB has not sufficiently met its burden as to these factors, its request for a stay cannot be granted.

### A.   Harm to Other Parties

An important factor informing the Court's decision on this motion is the substantial risk of harm to other parties in the litigation. Were the Court to grant a stay in this case, it appears from the evidence presented both in the papers and before the Bankruptcy Court that the Appellees, operators of long-term nursing care facilities, their creditors, and their patients would all suffer significant, if not disastrous harm.

At the confirmation hearing, the unrefuted evidence presented to the Bankruptcy Court,

which Judge Steckroth found to be credible, was that absent an immediate confirmation and commencement of the Plan, the Debtors would be forced to close their long-term care facilities. See Bankr. Conf. Op. at 44. Now that implementation of the Plan has begun, the Debtors have similarly presented evidence that a stay of the confirmation order would void their exit financing facility and require immediate closure of their facilities. See Decl. of Victor Marcos, Docket Entry No. 3-5, at ¶ 7, 8 ("Without that facility . . . the Appellees lack resources necessary to pay for critical supplies and provide the Appellees' patients with critical care services. Lacking those resources, the Appellees cannot operate.") This harm is certainly substantial and weighs heavily against the granting of a stay here. See In re DJK Residential, LLC, 2008 WL 650389, at *4 (S.D.N.Y. Mar. 7, 2008); In re Tower Automotive, 2006 WL 2583624, at *2 (Bankr. S.D.N.Y. June 28, 2006) (finding that a grant of a stay would complicate the debtors' ability to obtain exit financing, hindering their emergence from Bankruptcy).

Moreover, as Judge Steckroth found in his opinion below, Appellees' inability to operate impacts not only the Debtors themselves, but many others involved in the litigation as well. First, Appellees' approximately 1,100 workers, roughly 700 of whom are union workers the NLRB seeks to protect, would be in danger of losing their employment. Additionally, Debtors' patients, most of whom are elderly and ill, might very well face a decrease in the effectiveness of their care and/or be forced to transfer to a different facility. See Bankr. Conf. Op. at 44. This alone may be enough to cause irreparable harm. See Libbie Rehab. Ctr. v. Shalala, 26 F. Supp. 2d 128, 132-33 (D.D.C. 1998) (finding a likelihood of harm where residents of a nursing home would be forced to relocate without intervention). Finally, Appellees' creditors will be harmed if a stay is granted, as they would have no choice but to wait until at least the conclusion of the NLRB's appeals to obtain any relief to which they are entitled under the plan. See Decl. of Victor Marcos, Docket Entry No. 3-

5, at ¶ 9. This too weighs in favor of a finding of harm to the non-movants. See In re W.R. Grace, 475 B.R. at 208.

Appellant attempts to counteract this probability of harm by arguing that the Appellees have failed to make a sufficient showing that they *could not* obtain an extension of their financing, or similarly that their exit facility lender would choose to terminate financing if a stay were granted. Docket No. 4, at 28-29. The NLRB argues that this would obviate the other harms discussed above, favoring a stay of the Bankruptcy Court's order. This argument appears to be primarily based on the fact that Appellees' lender, Capital One, has previously granted short extensions in this matter. However, this argument is both unpersuasive and contrary to the applicable standard of law.

The NLRB has presented no evidence to either this Court or the Bankruptcy Court to support its argument. Appellant's entire argument consists of conjectural statements which, contrasted with the sworn testimony and declarations put forth by the Appellees, must fail. When faced with credible evidence contrasted only by unsupported argument, this Court has little choice but to favor the evidence presented. Accord In re B-Bar Tavern Inc., 2013 WL 6670542 (Bankr. D. Mont. Dec. 18, 2013), at *41 citing In re Hurley, 258 B.R. 15, 23 (Bankr. D. Mont. 2001) ("[a]n attorney's argument is not evidence"). Furthermore, the Court need not find that the elimination of financing is a foregone conclusion to make a finding of harm to the non-movant sufficient to prevent a stay in this case. See In re DBSD North Am., Inc., 2010 WL 1838630, at *2 (S.D.N.Y. May 7, 2010) (where there was both a possibility of financing being extended or eliminated, a finding of irreparable harm was proper where there was "at least a cognizable risk" that financing

would not be extended).[1]

Moreover, as noted above, the NLRB bears the burden of establishing the *absence* of harm to non-movants, rather than Appellees bearing the burden of establishing its existence. Where there has been no evidentiary showing made by the moving party, a thorough analysis as to the extent of harm by the Bankruptcy Court below, and there exists a significant possibility of extensive harm if a stay is granted, this Court must give the threat of harm to others due weight. Therefore, I find that the substantial harm threatened by the granting of a stay weighs heavily in favor of denying Appellant's motion.

### B.  Irreparable Harm to the Moving Party

To meet the threshold of establishing irreparable harm sufficient to warrant a stay, a moving party must show that the harm cannot be adequately compensated by money damages. See Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988). In addition, the movant must demonstrate that the impending harm is both actual and imminent. See W.R. Grace & Co., 475 B.R. at 206. Appellant argues here that it will suffer irreparable harm because implementation of the confirmed reorganization plan allows for the continuing violation of the Connecticut District Court's 10(j) injunction, and that the denial of the stay is likely to render its appeals equitably moot. Docket No. 4, at 25-28.

Appellant's arguments are unavailing. The NLRB has submitted "no affidavits, declarations, or other appropriate evidence" to demonstrate irreparable harm. Accord In re Calpine Corp., 2008 WL 207841, at *5 (Bankr. S.D.N.Y. Jan. 24, 2008) (argument by party who fails to

---

[1] Even were the Court to accept the idea that an extension was likely, there is no evidence on the record, or even in argument, to support the conclusion that Appellees' lender, who has previously granted short-term extensions, would be willing to extend financing through the conclusion of all appeals in this matter. Thus, even a granting of an extension does not appear likely to fully eliminate the substantial harm to the non-moving parties in this case.

5

submit evidence is insufficient to justify a stay). However, even were the Court to accept Appellant's arguments at face value, there is no harm sufficient to warrant a stay.

Appellant's first argument is that a failure to immediately prevent the challenged employment practices from continuing is irreparable because even if the order is reversed on appeal, "the NLRB will have lost precious time to seek to undo (or at least mitigate) the nonmonetary harm that accrues each day . . . ." Docket No. 4, at 26. However, the NLRB states neither why the harm cannot be compensated by money nor why the harm is irreparable assuming a victory on appeal. The NLRB's argument amounts to a contention, based solely upon argument, that the denial of the stay will make life more difficult. Absent more, especially given the extensive harm to the non-movants here, this loss of time cannot constitute irreparable harm.

Appellant's other argument is that if this Court denies a stay, its contentions on appeal will be rendered equitably moot. Docket No. 4, at 26-27. However, even if the Court were to grant the NLRB's application based on its argument that its appeals will be rendered equitably moot,[2] any alleged resulting harm must be measured against harms present to others involved in the litigation. See In re Gen. Motors, 409 B.R. at 31-34; In re Cujas, 376 B.R. 480, 487, 491 (Bankr. E.D. Pa. 2007) (loss of appellate rights may constitute sufficient harm, but does not guarantee a stay and must be balanced against the harm to other parties). In this case, the harm that will likely result from the granting of a stay, namely the loss of over 1,000 jobs, the closing of facilities, and the risk to elderly residents, outweighs even a significant risk of equitable mootness.

---

[2] Although this Court declines to make a finding of equitable mootness at this time, it notes that in determining whether the doctrine of equitable mootness bars an appeal, a variety of factors must be considered. See In re SemCrude, L.P., 728 F.3d 314, 320 (3d Cir. 2013) (discussing the factors applied in determining equitable mootness). The Court also recognizes that the doctrine of equitable mootness should be "limited in scope and cautiously applied." In re SemCrude L.P., 456 F. App'x 167, 169 (3d Cir. 2012).

Because a stay is by nature an extraordinary remedy, the Appellant has provided no concrete evidence to support its contentions of irreparable harm, and given the significant harm to the non-moving parties in the event of a stay, I find that the NLRB has not met its burden of demonstrating irreparable harm sufficient to warrant a stay of the Bankruptcy Court's order.

### C.  Likelihood of Success on the Merits

Appellant devotes much of its briefing to arguing error in the Bankruptcy Court's decision and asserting its likelihood of success on appeal.  It notes that several of the findings crucial to Judge Steckroth's confirmation of the Plan regard areas of law where circuit courts are split, and argues that unsettled law necessarily weighs in favor of a stay.  However, a finding that the NLRB is likely to succeed on the merits is necessarily tempered by the extensive factual findings of the Bankruptcy Court, which will be reviewed only for clear error on appeal.  See Fed. R. Bankr. P. 8013; In re United Healthcare System, 396 F.3d 247, 249 (3d Cir. 2005).  Even if this Court were inclined to find that the NLRB is likely to succeed on the merits, this Court remains unconvinced that a stay is warranted.  Notwithstanding Appellant's argument that some uncertainty exists as to the law applied by Judge Steckroth, any likelihood of success that may be present is insufficient, and this Court is not willing to implement the drastic relief provided by a stay absent a stronger showing.

### D.  Public Interest

In arguing that the public interest favors a stay in this case, the Appellant focuses heavily on the policy underlying the National Labor Relations Act and the NLRB's role as a federal agency. See Docket No. 4, at 30-31.  Nothing in this opinion seeks to undermine the authority of the NLRB to enforce the law.  However, granting an order that would put many of the very workers the NLRB seeks to help in danger of permanently losing their jobs protects neither the workers

themselves nor the public interest. When combined with the inherent public interest in the proper and expedient application of Bankruptcy law, the public interest favors the denial of the stay.

### III. CONCLUSION

For the foregoing reasons, I find that the Appellant has not met its burden of establishing the factors necessary for a stay of the Bankruptcy Court's order pending appeal.

**ACCORDINGLY, IT IS** on this **21st** day of **March, 2014**,

**ORDERED** that Appellant's Motion for a Stay Pending Appeal of the Bankruptcy Court Order Confirming Debtors' First Amended Joint Reorganization Plan is **DENIED**.

_____
**CLAIRE C. CECCHI, U.S.D.J.**